United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal Case No. 19-20777-CR-Scola |
| | ) |
| Roberto Tapanes, Defendant. | ) |

### Order Denying Motion for Reduction of Sentence

This matter is before the Court on the Defendant Roberto Tapanes's motion for a reduction of sentence under the compassionate release provisions of 18 U.S.C. § 3582(c). (Mot., ECF No. 282.) After careful consideration of the motion, the Government's response, the record, and the relevant legal authorities, the Court **denies** Tapanes's motion. (**Mot., ECF No. 307**.)

1. **Background**

On October 18, 2023, the Defendant Roberto Tapanes was sentenced to 72 months in prison after pleading guilty to one count of conspiracy to distribute cocaine intending, knowing, and having reasonable cause to believe it would be unlawfully imported into the United States in violation of 21 U.S.C. § 963. (ECF Nos. 158, 177, 254, 255.) Mr. Tapanes's sentence was based upon an offense level of 31 and criminal history category of I, which resulted in a Sentencing Guidelines range of 108-135 months of imprisonment.

Mr. Tapanes now moves for compassionate release under the provisions set forth in 18 U.S.C. 3582(c). Specifically, Mr. Tapanes seeks compassionate release on the basis that he is now the only caretaker to his incapacitated father. (Motion, at 5-8.)

2. **Analysis**

A. **Compassionate release**

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). A district court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling

reasons warrant a reduction." U.S.S.G. § 1B1.13(a). As detailed in the applicable policy statement, extraordinary and compelling reasons may exist where a defendant has a serious health condition, is elderly, has a family member that depends upon the defendant for care, is a victim of abuse while incarcerated, or in other circumstances of similar gravity to those enumerated. *Id.* The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* The Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 329 (11th Cir. 2013) (noting defendant has the burden to show circumstances meeting the test for a reduction of sentence).

Here, though Mr. Tapanes has established that he exhausted administrative remedies, he has not established extraordinary and compelling reasons warranting release. Mr. Tapanes is not the only caregiver for his father. Though he argues that his mother, sister, and sister-in-law all work and allegedly suffer from physical ailments, Mr. Tapanes has not established why together—in addition to other family members—all three cannot provide for his father. Moreover, Mr. Tapanes's father's incapacitation was present at the time of Mr. Tapanes's sentencing, evidencing that someone else has been taking care of his father. Therefore, Mr. Tapanes has not established "extraordinary and compelling reasons" for compassionate release.

Assuming arguendo that Mr. Tapanes has established extraordinary and compelling reasons for his compassionate release, consideration of the 18 U.S.C. § 3553(a) factors—including the nature and circumstances of the offense, the need for proper punishment and deterrence, and to promote respect for the law—independently warrant denial of the Motion. Mr. Tapanes was involved for ten years in arranging significant shipments of cocaine to be distributed. Under these circumstances, Mr. Tapanes's early release would not provide proper punishment, deter him and others from engaging in such conduct, or promote respect for the law.

Mr. Tapanes's motion for compassionate release is therefore **denied**. (**ECF No. 307**.)

**Done and ordered** at Miami, Florida on September 11, 2024.

_____
Robert N. Scola, Jr.
United States District Judge